IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SMITH, | : CIVIL ACTION NO. 1:05-CV-1729 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| THE MUNICIPALITY OF LYCOMING COUNTY, et al., | : |
| Defendants | : |

**MEMORANDUM**

Presently before the court is the motion to dismiss (Doc. 16) the complaint filed on behalf of defendants Lycoming County, Lycoming County Prison Board, Warden David Desmond, and Nurses Catherine Lynch and Kim Poorman. For the reasons set forth below, the motion will be granted in part and denied in part.

**I.   Statement of Facts**

Plaintiff Steven Smith ("Smith") was committed to the Lycoming County Prison on October 5, 2002, with a history of the following medical conditions: Hepatitis A, B, and C; Herpes Simplex 1 and 2; genital warts; positive test for Tuberculosis; compromised immune system from removal of spleen; and bowel problems resulting from a recent bowel obstruction surgery. (Doc. 1, p. 20). He first voiced complaints about a number of ailments on November 1, 2002, but allegedly was ignored.

On December 12, 2002, he was transferred to the State Correctional Institution at Camp Hill, where he remained until February 25, 2003. Upon his

return, he disagreed with the course of treatment prescribed by the intake physician.  Over the next several months, he was seen in the medical department for a whole host of complaints.  On June 5, 2003, he was transferred to the State Correctional Institution at Camp Hill (Doc. 1, p. 24), where he remained until September 15, 2003, when he was transferred to the State Correctional Institution at Albion (Id.).  He was transferred back to Lycoming County Prison on September 25, 2003.  (Doc. 1, p. 25).

Upon his return to the defendants' facility, his prescriptions from the State Correctional Institution at Albion were purportedly stopped by order of the physician.  Smith subsequently lodged a number of complaints concerning the denial of his medication.

On September 28, 2003, he requested to see a doctor for complaints of lesions, headaches and excessive dandruff.  (Doc. 1, p. 26).  He was seen on October 10, 2003, and was given a medicated shampoo.

On October 19, 2003, he requested an "anti-viral" medication to control his Herpes outbreaks.  He was informed that he was on the "med list."  (Id.).  He was later given the requested medication.

On October 23, 2003, Smith requested to see a doctor for complaints of weakness, skin problems and pain in his back and stomach.  He was informed that he was on the list to see the doctor on October 30, 2003.

Over the next several months, Smith sought treatment for a number of ailments including pain in his testicles, bowel pains, skin problems, sore throat and

exhaustion. He was seen by the doctor on each occasion. (Doc. 1, p. 27). Defendant Lynch also treated him during this time frame.

In February, he filed grievances with the medical department, defendant Lycoming County Prison Board, defendant Desmond, and Deputy Warden Deparlos, concerning the lack of treatment. (Doc. 1, pp. 26, 28). Smith claims that he received no responses to these grievances. (Doc. 1, p. 35).

On March 2, 2004, he was taken to the hospital for scabby sores that bled to the touch, red lesions, passing blood from his urethra and painful spasms in his lower bowel. (Doc. 1, p. 29). He was prescribed an antibiotic and a biopsy was ordered. Smith acknowledges that the treatment regimen was effective, but asserts that the biopsy was never scheduled. (Doc. 1, p. 30). He made a specific request of the medical department to schedule the biopsy. According to Smith, this request was ignored. (Doc. 1, p. 31).

On four separate occasions in April, and in early May, he requested medical treatment for a myriad of problems. It is unclear whether he ever received treatment. However, on May 11, 2004, he alleges that he "required emergency intervention at a hospital" for severe abdominal pain. (Doc. 1, p. 32).

Ultimately, Smith contends that defendants Lynch and Poorman engaged in a pattern of interfering with and denying him medical treatment.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In

the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

**III.   Discussion**

   **A.   Statute of Limitations**

A two-year statute of limitations applies to civil actions filed pursuant to 42 U.S.C. § 1983.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding claims brought pursuant to § 1983 are subject to the state statute of limitations for personal injury actions); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n.9 (3d Cir. 1996) (noting two-year Pennsylvania limitations period applicable to § 1983 claims).  A claim under § 1983 accrues when the plaintiff knows, or has reason to know, of

the injury on which the claim is based. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998).

Defendants seek to dismiss the claims arising prior to August 16, 2003, as being barred by the statute of limitations. The complaint in this action was not filed until August 16, 2005. Smith does not allege, and the record does not suggest, any "exceptional" or other circumstances that would potentially warrant equitable tolling of the limitations period in this case. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Consequently, any incidents that occurred prior to August 16, 2003, are barred by the two-year statute of limitations.[1] Defendants' motion will be granted with respect to any incidents that occurred prior to August 16, 2003.

### B.   Defendant Lycoming County

In City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989), the Supreme Court held that a municipality may be held liable under §1983 for constitutional violations which result from the municipality's failure to train its employees. The Court recognized that under its decision in Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978) "a municipality can be found liable under §1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under §1983." 489 U.S. at 385, 109 S.Ct. at 1203. Therefore, for municipal liability to be found, there must be a "direct causal link between a municipal policy or custom and the alleged

---

[1] Notably, Smith was not incarcerated at Lycoming County Prison from June 5, 2003, through September 25, 2003.

constitutional deprivation." Id.  Smith fails to allege any direct involvement on the part of Lycoming County.  Nor does he allege that Lycoming County undertook any act pursuant to an official municipal policy or custom of some nature which caused the alleged Constitutional violation.  Accordingly, the court will grant the county defendant's motion to dismiss.

### C.    Defendant Warden Desmond and Lycoming County Prison Board

Smith alleges that neither Desmond or the prison board responded to his grievances.  There is no constitutional right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U. S. 119, 137- 38 (1977); Wilson v. Horn, 971 F. Supp. 943, 947 ( E. D. Pa. 1997).  While prisoners do have a constitutional right to seek redress of their grievance from the government, that right is the right of access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance.  See Booth v. King, 346 F. Supp. 2d 751, 761 ( E. D. Pa. 2004).  Smith's dissatisfaction with the manner his grievances were handled does not rise to the level of a constitutional violation.  See Alexander v. Gennarini, 144 Fed. Appx. 924 (3d Cir. 2005) (finding allegations asserting involvement in the post-incident grievance process insufficient to state a claim) and this claim will be dismissed.

Smith fares no better in seeking to impose liability on these defendants based on the alleged inadequate medical care.  If a prisoner is under the care of medical experts, as is the case here, a non-medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints,

constitutional deprivation." Id.  Smith fails to allege any direct involvement on the part of Lycoming County.  Nor does he allege that Lycoming County undertook any act pursuant to an official municipal policy or custom of some nature which caused the alleged Constitutional violation.  Accordingly, the court will grant the county defendant's motion to dismiss.

### C.    Defendant Warden Desmond and Lycoming County Prison Board

Smith alleges that neither Desmond or the prison board responded to his grievances.  There is no constitutional right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U. S. 119, 137- 38 (1977); Wilson v. Horn, 971 F. Supp. 943, 947 ( E. D. Pa. 1997).  While prisoners do have a constitutional right to seek redress of their grievance from the government, that right is the right of access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance.  See Booth v. King, 346 F. Supp. 2d 751, 761 ( E. D. Pa. 2004).  Smith's dissatisfaction with the manner his grievances were handled does not rise to the level of a constitutional violation.  See Alexander v. Gennarini, 144 Fed. Appx. 924 (3d Cir. 2005) (finding allegations asserting involvement in the post-incident grievance process insufficient to state a claim) and this claim will be dismissed.

Smith fares no better in seeking to impose liability on these defendants based on the alleged inadequate medical care.  If a prisoner is under the care of medical experts, as is the case here, a non-medical prison official cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints,

"absent a reason to believe (or actual knowledge) that prison doctors or their assistants are misleading (or not treating) a prisoner. . . ." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Accordingly, these defendants' motion to dismiss will be granted.

### D.     Defendants Lynch and Poorman

Although the Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, Helling v. McKinney, 509 U.S. 25, 32, (1993), it does not mandate that prisons be free of discomfort. Hudson v. McMillian, 503 U.S. 1, 9 (1992). "No static test determines whether conditions of confinement are 'cruel and unusual.' These terms must 'draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society.'" Tillery v. Owens, 719 F. Supp. 1256, 1262 (W.D. Pa. 1989)(citing, Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Conditions that are not cruel and unusual under contemporary standards are constitutional. Rhodes, 452 U.S. at 348, 101 S.Ct. at 2400.

In addition to showing conditions that pose a significant risk of serious harm, the inmate must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, an inmate must prove that the defendant demonstrated "deliberate indifference" to a serious risk of harm to which the inmate was exposed. Farmer v. Brennan, 511 U.S. 825, 836-37 (1994); see also

7

Ostrander v. Horn, 145 F. Supp. 2d 614, 620 (M.D.Pa. 2001), aff'd, 49 Fed. Appx. 391 (3d Cir. 2002).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  "The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'"  Farmer, 511 U.S. at 843.

Further, the test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D. Pa) aff'd, 103 F.3d 691 (1996), citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977).

In the present procedural posture, i.e. at the motion to dismiss stage, the court concludes that Smith's allegations that defendants Lynch and Poorman repeatedly interfered with and denied him adequate medical care are sufficient to state a claim.  Hence, the motion to dismiss will be denied with respect to these defendants.

An appropriate Order will issue.

   /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       June 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN SMITH,** : | **CIVIL ACTION NO. 1:05-CV-1729** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **THE MUNICIPALITY OF LYCOMING COUNTY, et al.,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 27th day of June 2006, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 16) is GRANTED IN PART and DENIED IN PART.

2. The motion is GRANTED as to all defendants with respect to all claims arising prior to August 16, 2003.

3. The motion is GRANTED with respect to defendants Lycoming County, Lycoming County Prison Board Members and Officers and Desmond. The Clerk of Court is directed to TERMINATE these defendants.

4. The motion is DENIED with respect to defendants Lynch and Poorman. These defendants shall file an answer or appropriate pre-trial motion on or before July 13, 2006.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge