IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN SMITH,** | : | **CIVIL ACTION NO. 1:05-CV-1729** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| **THE MUNICIPALITY OF LYCOMING COUNTY, et al.,** | : | |
| **Defendants** | : | |

### ORDER

Presently pending is plaintiff Steven Smith's (Smith) "motion to amend court order and memorandum." (Doc. 66). For the reasons set forth below, the motion will be denied.

Relief pursuant to Federal Rules of Civil Procedure Rules 52(b) ("Findings by the Court; Judgment on Partial Findings" "Amendment") and 59(e) ("New Trials; Amendment of Judgments" "Motion to Alter or Amend Judgment") is not available to Smith because any motion to alter or amend is required to be filed no later than ten days after the entry of the order. FED. R. Civ. P. 52(b), 59(e). Because Smith did not file his motion within ten days after the entry of the memorandum, the motion is untimely.

Nor is he entitled to relief pursuant to Rule 60(b) ("Relief from Judgment or Order"). FED. R. CIV. P. 60(b). Rule 60(b) allows a party to seek relief only from a "final judgment, order, or proceeding." A final decision is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155 (3d Cir. 2004) (citations omitted). Thus, "there is no final order if claims remain unresolved and their resolution is to occur in the district court." Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997). "[A] district court decision dismissing some, but not all, of the claims before the court is not a 'final' order that can be appealed." N.Y. Football Giants, Inc. v. C.I.R., 349 F.3d 102, 106 (3d Cir. 2003). Although the memorandum disposed of all of Smith's claims against defendants Keenan, Verzella, Schildt, Heilman, Mowatt and Huang, entry of judgment was deferred. (Doc. 62, p. 13). In addition, claims are still proceeding against defendants Lynch and Poorman. Because claims remain for this court to resolve, the Rule 60(b) finality requirement is not satisfied. Accordingly, Smith is not entitled to relief under Rule 60(b).

AND NOW, this 30th day of November, 2006, upon consideration of plaintiff's motion to amend court order and memorandum (Doc. 66), it is hereby ORDERED that the motion is DENIED. It is further ordered that defendants' motion (Doc. 67) to strike plaintiff's motion is DENIED as moot.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge